# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**NATHAN FOLTZ,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0623** (BOR Appeal No. 2054472)
              (Claim No. 2018014957)

**BERKELEY COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner Nathan Foltz, a self-represented litigant, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The Berkeley County Board of Education, by counsel Jane Ann Pancake, filed a timely response.

The issue on appeal is timeliness of the filing of the claim. The claims administrator denied the application for workers' compensation benefits as untimely filed in an Order dated November 27, 2018. On July 8, 2019, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated January 24, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Nathan Foltz worked as a Special Education teacher for the Berkeley County Board of Education. The claims administrator received a WC-1 Employees' and Physicians' Report of Injury form on November 26, 2018. The form was completed on April 28, 2018, alleging that Mr. Foltz sustained an injury on December 12, 2017, to his neck and cervical spine. In describing the incident, Mr. Foltz stated that he was kicked in the head by an autistic student who was having a violent outburst. Paul Quarantillo, M.D., of Pediatric & Family Physicians in Berkeley Springs, West Virginia, checked a box indicating that Mr. Foltz sustained an occupational injury on December 12, 2017. He was diagnosed with a cervical sprain.

On November 27, 2018, the claim administrator denied Mr. Foltz's application for workers' compensation benefits as being untimely filed. Specifically, the Order stated:

West Virginia Code § 23-4-15(a) required that the claimant file his application for benefits within six (6) months of the date of injury.[1] This application, received November 27, 2018, was not received within six months of the alleged date of injury of December 12, 2017, thus the application will be denied pursuant to W. Va. Code § 23-4-15(a).

---

[1] "To entitle any employee or dependent of a deceased employee to compensation under this chapter, other than for occupational pneumoconiosis or other occupational disease, the application for compensation shall be made on the form or forms prescribed by the Insurance Commissioner, and filed with the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, within six months from and after the injury or death, as the case may be, and unless filed within the six months period, the right to compensation under this chapter is forever barred, such time limitation being hereby declared to be a condition of the right and hence jurisdictional, and all proofs of dependency in fatal cases must also be filed with the commission within six months from and after the death. In case the employee is mentally or physically incapable of filing the application, it may be filed by his or her attorney or by a member of his or her family." West Virginia Code 23-4-15a.

Mr. Foltz protested the claims administrator's decision in a lengthy protest letter. In his January 1, 2019, protest letter, he stated the following:

> On December 12, 2017, Nathan Foltz, a Special Education teacher at Mill Creek Intermediate School, was kicked in the head between the eyes by a student with a propensity for violence, resulting in a cervical neck injury as the neck of Nathan Foltz moved ballistically toward his posterior in a whiplash type motion from the strike.

Mr. Foltz provided a myriad of reasons for the late filing of this claim. He specifically stated:

> Nathan Foltz would like to prove his situation was atypical in the fact that his interest was not supported or sought by individuals above him in the chain of command.

He states that there was a teacher's strike during the period of time following his alleged date of injury. Mr. Foltz maintains that the process was very confusing, as he was a new employee, and he felt isolated from the information he needed to take appropriate actions regarding the reporting of his injury. In essence, he believes there were many variables disallowing him due process from an injury from a dangerous teaching assignment. He states that he was in a lose-lose situation of his superiors acknowledging his injury, or even safety, as he was under the belief that he may lose his teaching license over the incident.

By decision dated July 8, 2019, the Office of Judges affirmed the claims administrator's Order dated November 27, 2018, finding that Mr. Foltz failed to file his claim within six months of his date of injury as required by W. Va. Code § 23-4-15(a). The Office of Judges noted that the right to compensation depends upon the filing of an Insurance Commissioner approved claim application within six months of the date of injury. It was determined that his application for benefits was not filed within six months of his date of injury. The alleged date of injury is December 12, 2017, and the physician's portion of the claim was not completed by a medical provider until November 6, 2018, almost eleven months after the date of injury. During his appeal, Mr. Foltz argued that his situation is atypical and that a multitude of factors prevented him from filing a timely claim. However, the Office of Judges found this argument to be unpersuasive and concluded that none of the complicating factors identified by Mr. Foltz precluded him from filing a timely claim. On January 24, 2020, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The record clearly establishes that Mr. Foltz's application for workers' compensation benefits was not fully completed until almost eleven months after the alleged date of injury. The time limitation set forth in W. Va. Code 23-4-15(a) is a condition of the right to benefits and hence jurisdictional. Although Mr. Foltz asserts that there were a number of complicating factors which precluded him from filing a timely claim, there are no exceptions to the jurisdictional time limitation requirements set forth in the statute. Accordingly, the Board of Review's Order is affirmed.

Affirmed.

**ISSUED:** October 4, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4